## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| **WALKER DIGITAL, LLC** | |
| **Plaintiff,** | **C.A. No. 11-318-LPS** |
| **v.** | |
| **MYSPACE, INC., ET AL.** | |
| **Defendants.** | |

## PLAINTIFF WALKER DIGITAL, LLC'S
## <u>CONSTRUCTION BRIEF OPENING BRIEF</u>

June 22, 2012                                    BAYARD, P.A.

OF COUNSEL:                                  <u>/s/ *Stephen B. Brauerman*</u>
                                             Richard D. Kirk (rk0922)
Marc A. Fenster                              Stephen B. Brauerman (sb4952)
Andrew D. Weiss                              222 Delaware Avenue, Suite 900
RUSS, AUGUST & KABAT                         P.O. Box 25130
12424 Wilshire Boulevard, Twelfth Floor      Wilmington, DE  19899
Los Angeles, California 90025                rkirk@bayardlaw.com
(310) 826-7474                               sbrauerman@bayardlaw.com
mfenster@raklaw.com                          (302) 655-5000

                                             *Attorneys for Plaintiff Walker Digital, LLC*

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION. ............................................................................................... 1

II. APPLICABLE LEGAL PRINCIPLES............................................................. 3

III. AGREED CLAIM TERMS. ............................................................................. 4

IV. DISPUTED CLAIM TERMS. .......................................................................... 4

    A.    Identity/Identity Of Said First Party/Identity Of Said Second Party:  As To Identity:  "Information That Determines A Person Is A Specific Person." ........... 4

    B.    Anonymous Party:  No Construction Necessary; But If A Construction Is Necessary:  "A Party Whose Identity Is Shielded From Others." ......................... 6

    C.    Party Data: "Information About Or Corresponding To A Party." ........................ 9

    D.    Party Rule:  "A Criterion Or A Set Of Criteria." ................................................ 10

    E.    Rule For Releasing Said Identity Of Said…Party/Rule For Releasing Said [First/Second Party] Data:  No Construction Necessary...................................... 11

    F.    Releasing/Release Said Second Party Data Pursuant To Said Second Party........ 13

    F.    Rule:  No Construction Necessary. ..................................................................... 13

    G.    Exchanging Said First And Second Data, Except Said Identities Of Said First And Second Parites, Between Said First And Second Parties/Exchange Said First And Second Data, Except Said Identities, Between Said First And Second Parties:  No Construction Necessary. ...................................................................... 14

    H.    After Said Exchanging Step/After Said Exchanging Operation:  No Construction Necessary: This Step Occurs After Previous Exchanging Step. ........................... 15

    I.    Receiving/Receive:  No Construction Necessary; No Ordering Necessary For "Receiving/Revieve" and "Releasing/Release" Steps, Order Is Necessary For "Determining/Determine" And "Providing/Provide" Steps. ................................. 16

V. CONCLUSION.................................................................................................. 18

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

*Allen Eng'g Corp. v. Bartell Indus. Inc.*,
   299 F.3d 1336 (Fed. Cir. 2002) ............................................................................. 7

*Altiris, Inc. v. Symantec Corp.*,
   318 F.3d 1363 (Fed. Cir. 2003). ..................................................................... 17, 18

*Am. Med. Sys. v. Biolitec, Inc.*,
   618 F.3d 1354 (Fed. Cir. 2010) ............................................................................. 7

*Chimie v. PPG Indus., Inc.*,
   402 F.3d 1371 (Fed. Cir. 2005) ............................................................................. 3

*Phillips v. AWH Corp.*,
   415 F.3d 1303 (Fed. Cir. 2005) ................................................................... 3, 6, 8

*SanDisk Corp. v. Memorex Prods., Inc.*,
   415 F.3d 1278 (Fed. Cir. 2005) ................................................................... passim

*Teleflex, Inc. v. Ficosa N. Am. Corp.*,
   299 F.3d 1313 (Fed. Cir. 2002) ............................................................................. 4

*Vitronics Corp. v. Conceptronic, Inc.*,
   90 F.3d 1576 (Fed. Cir. 1996). .............................................................................. 3

Plaintiff Walker Digital, LLC ("Walker Digital") moves this Court for an order construing certain claim terms from the asserted claims[1] of U.S. Patent Nos. 5,884,270 (the "'270 patent") and 5,884,272 (the "'272 patent") (Weiss Decl.[2] Exs. A, B).

## I.    INTRODUCTION.

Walker Digital is a research and development laboratory that has invested hundreds of millions of dollars in its efforts to identify and solve future business-related problems. The novel inventions developed by the Walker Digital team are reflected in a vast portfolio of U.S. and international patents in a wide range of industries that include retail, vending, credit cards, security, gaming, educational testing, and entertainment. Jay S. Walker, the chairman and lead visionary of Walker Digital, is a named inventor on more than 450 issued and pending U.S. and international patents, including the '270 and '272 patents. Mr. Walker and Walker Digital's best-known invention is the technology at the heart of Priceline.com, which revolutionized the travel industry through its unprecedented technology that resulted in huge savings to every-day consumers on travel-related products. Mr. Walker and Walker Digital's patented technology is also at the heart of other successful companies, such as Synapse Group, Inc., a magazine subscription marketing company that is now a wholly owned subsidiary of Time Warner, and Vendmore Systems, which develops and markets smart vending machine systems.

With respect to the '270 and '272 patent, Mr. Walker and his co-inventors, Bruce Schneier and T. Scott Case, set out to create a computer-based method and system for implementing the "shielded identity" form of anonymous communications. (*See* '270 patent at 1:43-2:7.) In a shielded identity system, a trusted middleman knows each party's confidential

---

[1] Walker Digital is presently asserting claims 1, 2, 5, 10, 11, 23, 24, 27, 32 and 33 of the '270 patent and claims 1-4, 9-11, 19, 31, 32 and 65 of the '272 patent against Defendants. Walker Digital is also asserting claims 27 and 28 of the '272 patent against LinkedIn.

[2] "Weiss Decl." refers to the Declaration of Andrew D. Weiss in Support of Plaintiff Walker Digital's Opening Claim Construction Brief, filed concurrently herewith.

information, including information that the parties may not want to reveal immediately to eachother.  The trusted middleman is only permitted to reveal the confidential information in special circumstances.  (*E.g.*, '270 patent at 1:43-48.)  A shielded identity system is useful in a number of situations, such as computerized employment searches and dating services.  (*See* '270 patent at 2:33-3:65.)

The system and method developed by Messrs. Walker, Schneier and Case controls the timing and release of confidential or sensitive information known to the trusted middleman based on rules.  (*E.g.*, '270 patent at 4:54-60.)  The invention "allows for new improvements in the quality of the communication process when one party in the process would suffer significant costs or be exposed to significant risks" if his or her confidential information is released without permission.  ('270 patent at 4:67-5:4.)  The invention allows users to enter confidential or sensitive information into a trusted computer system.  The users can then control the release of their confidential information by utilizing one or more rules that can, for example, create a condition that must be met by a requesting party before some or all of the confidential information is released.  (*E.g.*, '270 patent at claim 1; '272 patent at claim 1.)

The claims describing the inventions of the '270 and '272 patents are written in clear and straightforward language.  Walker Digital's proposed constructions reflect this fact.  Consistent with claim construction doctrine, Walker Digital's proposed constructions simply provide the ordinary meanings, in the context of the intrinsic evidence, of the disputed terms.  Defendants, on the other hand, propose constructions that violate well-accepted claim construction doctrines by altering the plain meanings of the disputed terms and unnecessarily importing limitations. For example, "identity" is an important term from the '270 patent that both parties agree should be construed.  Walker Digital's proposed construction reflects the plain and ordinary meaning of the term, which is information that determines a person is a specific person.  To support their

non-infringement position, however, Defendants propose to limit identity simply to a person's name. A person's name, however, is not a person's identity. While a name might identify a particular person in a particular situation, imagine a hypothetical where ten John Smiths live in Delaware. Without more information, it would be impossible to identify the correct John Smith from a name alone. Despite proposing to alter the ordinary meaning of "identity," Defendants cannot point to any evidence intrinsic to the '270 patent that clearly disclaims the ordinary meaning of identity. Defendants other constructions similarly ignore the doctrines of claim construction in favor of litigation-oriented constructions designed to bolster their litigation positions. Defendants' constructions must therefore be rejected.

Accordingly, as set out in detail below, the Court should adopt Walker Digital's proposed constructions.

## II.    APPLICABLE LEGAL PRINCIPLES.

While the Court is familiar with the law of claim construction, Walker Digital summarizes the primary legal principles that are relevant to claim construction in this matter. First, "it is well settled that, in interpreting an asserted claim, the court should look first to the intrinsic evidence of record, i.e. the patent itself, including the claims, the specification, and, if in evidence, the prosecution history." *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996). Second, the danger of reading limitations from the specific embodiments described in the specification must be avoided. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1319-20 (Fed. Cir. 2005). Third, the claims should not be construed to exclude a preferred embodiment. *See Chimie v. PPG Indus., Inc.*, 402 F.3d 1371, 1377 (Fed. Cir. 2005).

Finally, claim terms should be construed in accordance with their ordinary and customary meaning, as a person of ordinary skill in the art would understand them at the time of the invention. *Phillips*, 415 F.3d at 1312-13. A construction may depart from the ordinary and

customary meaning only if there is a clear and unambiguous disavowal of claim scope.  *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1324 (Fed. Cir. 2002); *SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1287 (Fed. Cir. 2005).

## III.   AGREED CLAIM TERMS.

The constructions agreed on by the parties can be found on page 2 of the Joint Claim Construction Chart (D.I. 100).

## IV.   DISPUTED CLAIM TERMS.

The parties dispute the construction of 9 terms and phrases from the asserted claims of the '270 and '272 patents.  As illustrated below, Walker Digital's proposed constructions reflect the ordinary meanings of the terms and phrases and are based on the well-accepted doctrines of claim construction.  Walker Digital's proposed constructions should therefore be adopted.

### A.   Identity/Identity Of Said First Party/Identity Of Said Second Party[3]:  As To Identity:  "Information That Determines A Person Is A Specific Person."

| Walker Digital's Construction | Defendants' Construction |
|---|---|
| (as to identity) Information that determines a person is a specific person Once identity is construed, the other terms need no construction | Name of said first party/name of said second party |

The only dispute with these terms is the proper construction of the term "identity." Although Defendants insist on including the language as part of the terms to be addressed by the Court, the parties agree that "of said [first/second] party" is clear and needs no construction. "Identity" is properly construed according to its ordinary meaning: "information that determines a person is a specific person."

---

[3] These terms are found in asserted claims 1 and 23 of the '270 patent.

The ordinary meaning of identity is "information that determines a person is a specific person." (*See* Weiss Decl. Ex. C at 688 (defining "identity" as "[t]he set of characteristics by which a thing is recognized or known"); Ex. D at 708 (defining "identity" as "the condition or fact of being a specific person" and "the characteristics and qualities of a person, considered collectively, and regarded as essential to that person's self-awareness"); Ex. E at 939 (defining "identity" as "the name or essential character that identifies somebody or something").) The intrinsic evidence does not alter this ordinary meaning. The claims of the '270 patent simply refer to the receipt and transmission of the party's identity. (*E.g.*, '270 patent at claim 1.) The specification also supports Walker Digital's proposed construction. Consistent with the ordinary meaning, the specification refers to identity as information that can be gradually released in a series of steps. (*See, e.g.*, '270 patent at 4:58-60 (describing the invention as a "controlled release of identity" that can be "performed gradually in a series of steps where the party authorizes release of more and more information."), 1:12-13 (the "invention relates to controlling the release of confidential or sensitive information"), 19:9-12 (disclosing stripping a message of information that would reveal the identity).)

In spite of the ordinary meaning of identity, Defendants seek to limit the construction of identity to only "name." Defendants cannot, however, point to any clear and unambiguous disclaimer of the broader, ordinary scope of identity. Defendants' proposed construction also conflicts with the disclosure of the '270 patent. For example, the '270 patent describes a preferred embodiment where a company is conducting an employment search to hire a programmer in Seattle. ('270 patent at 6:25-31.) In a hypothetical but likely scenario where many Seattle programmers have the same name, the disclosure of an applicant's name does not reveal the applicant's identity. It is only when the name is combined with other information, such as current employer or home address, that the identity of the particular programmer seeking

employment is known.  Defendants' construction therefore makes little sense in the context of the specification of the '270 patent.

Walker Digital expects that Defendants will rely on statements from the specification where the term "identity" is used separate from other identifying information, such as address or vital statistics.  (*E.g.*, '270 patent at 6:67-7:6 (listing information about a candidate in the "employment search example" such as a "candidate's identity, the candidate's address, the candidate's vital statistics," etc.).)  Contrary to Defendants' argument, however, these statements do not clearly and unambiguously disclaim the ordinary meaning of "identity."  (*See, e.g.*, *SanDisk*, 415 F.3d at 1287.)  Furthermore, these statements only describe preferred embodiments and are not meant to limit the scope of the invention.  (*E.g.*, '270 patent at 6:67-7:1 ("In the employment search example…")); *Phillips*, 415 F.3d at 1319-20 (limitations from preferred embodiments should not be imported in the claims).

Accordingly, Defendants' proposed construction of "identity" is contrary to the ordinary meaning of the term and is unsupported by the intrinsic evidence.  The Court should reject Defendants' proposed limited construction and should adopt Walker Digital's proposed construction: "information that determines a person is a specific person."

### B. Anonymous Party[4]:  No Construction Necessary; But If A Construction Is Necessary:  "A Party Whose Identity Is Shielded From Others."

| Walker Digital's Construction | Defendants' Construction |
|---|---|
| The preamble is not limiting and this term needs no construction;<br><br>Or, if necessary:<br><br>A party whose identity is shielded from others | A party whose name is shielded or concealed from others |

---

[4] Anonymous party (or parties) is found only in the preambles of asserted claims 1 and 24.

The Court need not construe "anonymous party" because it is found only in the preamble of asserted claims 1 and 23 of the '270 patent and the preamble is not limiting here.  If the term needs to be construed, however, "anonymous party" should be construed as proposed by Walker Digital because Walker Digital's proposed construction is consistent with the lexicographic definition provided by the inventors in the specification of the '270 patent.

The term "anonymous party" need not be construed at all because it is found only in the preamble of asserted claims 1 and 23.  (*See* '270 patent at claims 1, 23.)  Pursuant to prevailing Federal Circuit precedent, the preambles of claims 1 and 23 are not limiting here.  The Federal Circuit has held that "[g]enerally…the preamble does not limit the claims."  *Am. Med. Sys. v. Biolitec, Inc.*, 618 F.3d 1354, 1358 (Fed. Cir. 2010) (quoting *Allen Eng'g Corp. v. Bartell Indus., Inc.*, 299 F.3d 1336, 1346 (Fed. Cir. 2002)).  A preamble is not limiting if, for example, the claim is structurally complete and the deletion of the preamble does not affect the steps or structure of the claim.  *Id.* at 1358-59 (holding that a preamble is limiting only if it recites necessary structure or steps, or is necessary to "give life, meaning and vitality" to a claim). Here, the preambles of claims 1 and 23 simply summarize the purpose of the invention and do not provide meaning or structure to the claims.  The bodies of the claims contain a complete recitation of the necessary structure for the claimed method or system.  Similarly, the file history does not indicate that the preamble was added to overcome prior art.  The preambles of claims 1 and 23 are therefore not limiting and the term "anonymous party" need not be construed.  *See Am. Med. Sys.*, 618 F.3d at 1359 (reversing a district court's finding that a preamble is limiting because the prosecution history did not support such an argument, the preamble was not a necessary antecedent basis for the claim and the preamble was simply a description of invention fully set forth in the body of the claim).

If "anonymous party" must be construed, it should be construed as proposed by Walker Digital because Walker Digital's construction is consistent with the definition provided by the inventors.   The inventors acted as their own lexicographers by disclosing that the term "anonymity," which is a form of anonymous, "is used throughout this application interchangeably with the notion of shielded identity."   ('270 patent at 1:46-48.)[5]   The specification thus clearly and unambiguously indicated that the concept of an anonymous party was broader than simply concealing the party's name.   The specification is further supported by the bodies of claims 1 and 23 of the '270 patent, which specifically claim the disclosure and transmission of a party's identity, not simply a party's name.   (*See* '270 patent at claims 1, 23.) As discussed above, the proper construction of "identity" is broader than simply a name, as proposed by Defendants.

Walker Digital expects that Defendants' proposed construction will be primarily based on Defendants' characterization of dictionary definitions of the word "anonymous."   Defendants' proposed construction must be rejected, however, because ignores the intrinsic evidence.   It is well-settled that definitions provided in the intrinsic evidence control claim construction regardless of whether they conflict with the ordinary meaning of the defined term.   *E.g.*, *Phillips*, 415 F.3d at 1319-20 ("[T]he specification is the single best guide to the meaning of a disputed term, and…the specification acts as a dictionary when it expressly defines terms used in the claims or when it defines terms by implication." (quotation marks omitted)).   Therefore, as

---

[5] To the extent that Defendants dismiss the inventors definition of "anonymity" as unrelated to "anonymous," Defendants' argument fails because the specification itself acknowledges the connection between "anonymity" and "anonymous."   For example, in describing one embodiment of the "anonymous communication system," the specification refers to creating a communications channel while maintaining "anonymity" between the parties.   ('270 patent at 6:11-20.)   The specification therefore considers "anonymity" and "anonymous" to be synonymous.

proposed by Walker Digital, the Court should construe this term to refer to a party's identity rather than simply its name.

Defendants also propose to add the language "or concealed" to this term. While Walker Digital does not believe that this language materially alters the inventor's lexicographic definition, Walker Digital believes that this language does not add anything to the inventors' definition and is therefore unnecessary.

Accordingly, because the preamble is not limiting, the Court need not construe "anonymous party" at all. If the term does need construction, it should be construed as "a party whose identity is shielded from others."

### C.   Party Data[6]: "Information About Or Corresponding To A Party."

| Walker Digital's Construction | Defendants' Construction |
|---|---|
| Information about or corresponding to a party | Information about or corresponding to a party provided by that party |

Although Walker Digital does not believe that this term needs to be construed at all, to avoid unnecessary disputes, Walker Digital has agreed that "party data" should be construed as "information about or corresponding to a party" as it is described in the specification.  (*See* '270 patent at 6:65-66 ("'Party data' comprises data about or corresponding to a respective party"); '272 patent at 7:54-55 (same).)  Defendants additionally seek to improperly import the limitation that the information must be "provided by that party."  Defendants cannot, however, point to any express and unambiguous statements in the specification or file history that import this limitation into the construction of "party data."   Additionally, Defendants' proposed limitation simply

---

[6] This term is found in asserted claims 1 and 23 of the '270 patent and asserted claims 1, 9, 10 and 65 of the '272 patent.  This construction applies equally to "first party first data," "second party second data," "second party data," "first party information data" and "second party information data" in the same asserted claims.

restates other aspects of the asserted claims. (*E.g.*, '270 patent at claim 1 ("receiving from a first party first data"); '272 at claim 1 ("receiving first party information data from said first party").) Unlike the existing claim language, though, Defendants proposed limitation introduces a potential divided infringement issue by requiring that a party provide information. The claims, which are written from the perspective of a server rather than a party, have no such divided infringement issue. Defendants' proposed imported limitation is therefore inappropriate and should be rejected. The Court should adopt Walker Digital's proposed construction.

### D.   Party Rule[7]: "A Criterion Or A Set Of Criteria."

| Walker Digital's Construction | Defendants' Construction |
|---|---|
| (as to rule)<br>A criterion or a set of criteria | A criterion or a set of criteria set by a party |

Although Walker Digital does not believe that this term needs to be construed at all, to avoid unnecessary disputes, Walker Digital has agreed that "rule" can be construed as "a criterion or set of criteria." Defendants propose adding the further limitation that the rule must be "set by a party." Defendants' added limitation, however, is unnecessary because the context of this claim already makes it clear that a party rule will be received from a party. (*E.g.*, '270 patent at claim 1 ("receiving from said first party at least two first-party rules"); '272 patent at claim 1 ("receiving, from said first party, at least one first party rule").) Unlike the existing claim language, however, Defendants' proposed limitation also appears to import a potential divided infringement issue (requiring a party to "set" the rule) where none should exist. Defendants' proposed construction should therefore be rejected.

---

[7] This term is found in the forms "first-party rules" and "second-party rules" in all asserted claims of the '270 patent. This term is found in the forms "first party rule" and "second party rule" in asserted claims 1, 19 and 65 of the '272 patent.

Walker Digital expects that Defendants' primary argument for its additional limitation will be that the inventors clearly and unambiguously imported this limitation into the claim. Defendants' argument must fail.  Walker Digital expects that Defendants' argument will be based on the following statement from the file history for the '272 patent:  "As amended, Applicants' claimed invention is directed to an information exchange process/system wherein information is exchanged between two parties only pursuant to the satisfaction of *rules set by each party* for such exchange, that is, a two-way controlled release of information."  (Weiss Decl. Ex. F at 12 (emphasis added).)  This statement was simply made as a broad summary of the invention claimed by the '272 patent.  (*Id.* at 12-13.)  It was not made in an attempt to limit the scope of the claimed invention.  (*See id.*)  Furthermore, as discussed above, consistent with the stated overview provided by the inventors in the file history, the claims of the '272 patent already require that the party rule be received from a first party.  ('272 patent at claim 1.)  The inventors did not therefore clearly and unambiguously import a "set by a party" limitation into the "party rule" claim term.  *See, e.g.*, *SanDisk*, 415 F.3d at 1287.

Accordingly, the Court should construe this term to mean "a criterion or set of criteria."

**E.    Rule For Releasing Said Identity Of Said…Party/Rule For Releasing Said [First/Second Party] Data[8]:  No Construction Necessary.**

| **Walker Digital's Construction** | **Defendants' Construction** |
|---|---|
| No construction necessary | Rule which if satisfied removes the restriction(s) on the transmission of said party's identity to the other party |
|  | Rule which if satisfied removes the restriction(s) on the transmission of said [first/second party] data to the other party |

---

[8] "Rule for releasing said identity of said…party" can be found in asserted claims 1 and 23 of the '270 patent.  "Rule for releasing said [first/second party] data" can be found in asserted claims 1 and 65 of the '272 patent.

These phrases are clear as written and need no construction.  A jury will have no trouble determining the plain meaning of these phrases.  Defendants, however, seek to rewrite the claim language and, as a result, create confusion and improperly import limitations.  For example, if Defendants' proposed construction for claim 1 of the '270 patent is adopted, the claim element would read:  after said exchanging step, upon satisfying said first party **rule which if satisfied removes the restriction(s) on the transmission of said party's identity to the other party**, transmitting said identity of said first party to said second party.  ('270 patent at claim 1 (bolded language is Defendants' proposed construction); *see also* '270 patent at claim 23 (containing similar language).)  As can be seen, Defendants' proposed construction is repetitive of other claim language such that the construction renders the claims confusing and difficult to understand.  Defendants' proposed construction for the phrase from the '272 patent suffers from the same confusion.  (*See* '272 patent at claim 1 (the relevant element is similarly phrased:  "if said at least one first party rule has been satisfied, providing, to said second party, said first party information data"); claim 65 (containing similar language to claim 1).)

Furthermore, Defendants' proposed language also imports limitations not present in the claim language.  For example, the asserted claims do not require that the identity or data be released by "removing restrictions on the transmission" of the information.  Defendants cannot point to any clear and unambiguous language illustrating the inventors' intention to import their proposed limitations in to this phrase.  *See, e.g.*, *SanDisk*, 415 F.3d at 1287.  Indeed, neither the '270 patent nor the '272 patent even use the word "restriction."  Defendants' construction for "rule for releasing said [first/second party] data" from the '272 patent also imports the limitations of transmitting data, which is also not otherwise found in claims 1 and 65 of the '272 patent.  Defendants cannot point to any clear and unambiguous support for this imported limitation.  *See, e.g.*, *SanDisk*, 415 F.3d at 1287.  Accordingly, Defendants' proposed constructions are repetitive,

confusing and improperly import limitations into these claim phrases.  They should therefore be rejected.

**F.      Releasing/Release Said Second Party Data Pursuant To Said Second Party Rule[9]:  No Construction Necessary.**

| **Walker Digital's Construction** | **Defendants' Construction** |
|---|---|
| No construction necessary | Transmitting/transmit said second party data to the first party upon satisfying the second party's rule that removes the restriction(s) on the transmission of such data to the other party |

Similar to the phrase above, this phrase from the '272 patent does not need to be construed and Defendants' construction should be rejected.  This phrase is clear as written.  In spite of the clarity of the language, Defendants' proposed construction imports a number of limitations, including the transmission of second party data and the removal of restriction(s) on the transmission of second party data, which are not contained in the claims.  Defendants cannot, however, point to any clear and unambiguous statements illustrating the inventors' intent to import such limitations.  *See, e.g.*, *SanDisk*, 415 F.3d at 1287.  Defendants' proposed construction should therefore be rejected.

---

[9] This phrase can be found in asserted claims 1 and 65 of the '272 patent.

**G.     Exchanging Said First And Second Data, Except Said Identities Of Said First And Second Parites, Between Said First And Second Parties/Exchange Said First And Second Data, Except Said Identities, Between Said First And Second Parties[10]:  No Construction Necessary.**

| Walker Digital's Construction | Defendants' Construction |
|---|---|
| No construction necessary | Transmitting/transmit said first party data, except the first party's identity, to the second party and transmitting/transmit said second party data, except the second party's identity, to the first party, in response to each other |

Similar to the phrases addressed in the two sections above, these phrases are clear as written and need no construction.  Aside from unnecessarily rewriting clear claim language, Defendants' proposed construction also improperly imports two limitations into this claim phrase.   First,   Defendants'   propose   to   construe   exchange/exchanging   to   mean transmit/transmitting.  The plain and ordinary meaning of the term exchange/exchanging is clear and Defendants cannot point to any clear disclaimers by the inventors to justify construing "exchange" to mean "transmit."  *See, e.g.*, *SanDisk*, 415 F.3d at 1287.  Second, Defendants propose to add the limitation "in response to each other."  Defendants' do not have clear and unambiguous support for adding such a limitation.  *See, e.g.*, *SanDisk*, 415 F.3d at 1287. Furthermore, Defendants' proposed limitation is vague and ambiguous.  What is the exchanging made in response to?  What does "to each other" mean in Defendants' proposed construction? Defendants' proposed construction creates more questions than it answers.    Therefore, Defendants' proposed construction is inappropriate and should be rejected.

---

[10] "Exchanging said first and second data, except said identities of said first and second parites, between said first and second parties" can be found in asserted claim 1 of the '270 patent. "Exchange said first and second data, except said identities, between said first and second parties" can be found in asserted claim 23 of the '270 patent.

**H.     After Said Exchanging Step/After Said Exchanging Operation:  No Construction Necessary[11]: This Step Occurs After Previous Exchanging Step.**

| Walker Digital's Construction | Defendants' Construction |
|---|---|
| No construction necessary; this step occurs after previous exchanging step/operation | The recited steps/operation must occur in sequence such that the identity of the first party is transmitted to the second party and the identity of the second party is transmitted to the first party only after both parties' other data are exchanged in accordance with each party's rules |

These phrases are clear as written and do not need to be construed.  At Defendants' insistence, the parties have already agreed on the construction of "said."  Especially in light of this agreed construction, a jury will have no trouble understanding the meaning of "after said exchanging [step/operation]."  Walker Digital is even willing to expressly acknowledge that the steps or operations containing this term occur after the previously stated exchanging step or operation.

Defendants, however, seek to rewrite and greatly expand this claim phrase beyond its ordinary meaning.   The phrase proposed for construction is "after said exchanging [step/operation]."  Defendants nonetheless seek to import and summarize the limitations of the last three elements of claims 1 and 23 of the '270 patent into this simple phrase.  Defendants' proposed construction is repetitive and more likely to confuse the jury than assist it.  Furthermore, Defendants cannot point to any clear and unambiguous evidence of disclaimer of the common and ordinary meaning of this phrase.  *See, e.g.*, *SanDisk*, 415 F.3d at 1287.  Defendants' proposed construction is therefore unnecessary and unsupported.  The Court should adopt Walker Digital's proposed construction.

---

[11] "After said exchanging step" can be found in asserted claim 1 of the '270 patent.  "After said exchanging operation" can be found in asserted claim 23 of the '270 patent.

I.    **Receiving/Receive[12]:  No Construction Necessary; No Ordering Necessary**
      **For "Receiving/Revieve" and "Releasing/Release" Steps, Order Is Necessary**
      **For "Determining/Determine" And "Providing/Provide" Steps.**

| **Walker Digital's Construction** | **Defendants' Construction** |
|---|---|
| No construction necessary; no ordering necessary except that the "if said at least one first party rule has been satisfied, [providing/provide]" element must occur after the preceding "determining/determine" element. | The recited limitations must be met in sequence such that before the second party receives the first party data that the second party has requested, the data of the second party that satisfies the first party's rule for releasing the requested first party's data to the other party must be transmitted to the first party once the rule for releasing such data has been satisfied |

Similar to the other phrases Defendants have requested be construed, these phrases are clear as drafted and need not be construed.  To the extent that the Court feels it is necessary to construe an ordering, Walker Digital agrees that the final element of asserted claims 1 and 65 ("if said at least one first party rule has been satisfied, [providing/provide]") must follow the "determining/determine" element.

Defendants' proposed construction alters the ordinary meaning and ordering of these phrases and must therefore be rejected.[13]  Defendants propose that all four of the elements must be proven in the order claimed.  Typically, claim elements need not be proved in the order listed in the claim.  *Altiris, Inc. v. Symantec Corp.*, 318 F.3d 1363, 1369 (Fed. Cir. 2003). ("Unless the

---

[12] The full phrases proposed by Defendants for construction are "receiving/receive a request from said second party for said first party information data; releasing/release said second party data pursuant to said second party rule; determining/determine, based on said second party data, whether said at least one first party rule has been satisfied; and if said at least one first party rule has been satisfied, providing/provide, to said second party, said first party information data for which said at least one first party rule has been satisfied."  These phrases are the last four elements of asserted claims 1 and 65 of the '272 patent.

[13] Walker Digital assumes that Defendants' construction is meant to be in addition to the claim language instead of in place of it, as is typical for a construction.  If this is not the case, Defendants' construction removes a number of limitations of the claims and is also confusing (by, for example, referring to "[t]he recited limitations").

steps of a method actually recite an order, the steps are not ordinarily construed to require one."). Order is only imposed if, when looking at the claim language, the order is dictated by grammar or logic of the claim, or the specification requires such a narrow construction. *Id.* at 1369-70. Aside from the "if said at least one first party rule has been satisfied, [providing/provide]" element, the claim language here does not dictate any particular order. Similarly, the specification of the '272 patent does not *require* the order proposed by Defendants. At best, the evidenced cited by Defendants in the Joint Claim Construction Chart emphasizes that the asserted claims are related to a method and system for "a two-way controlled release of information." (Weiss Decl. Ex. F at 12.)

Defendants' proposed construction must also be rejected because it introduces limitations not otherwise found in the claim language. For example, Defendants' proposed construction introduces the limitations of "transmitting" data to a first party and a second party "receiving" data. No such limitations exist in the phrases being construed. Indeed, it appears that Defendants are simply trying to import potential divided infringement arguments via claim construction. Defendants cannot however point to any clear and unambiguous evidence illustrating the inventors' intent to import these limitations into these claim phrases. *See, e.g.*, *SanDisk*, 415 F.3d at 1287.[14]

Accordingly, Defendants' proposed claim construction is unsupported by the intrinsic evidence and must be rejected. The Court should adopt Walker Digital's proposal construction.

---

[14] Claim 1 of the '272 patent is a method claim. Claim 65 is a system claim that is not usually amenable to an ordered steps arguments. In the '272 patent, claim 65 also lists operations that the claimed processor must be operative to perform. To the extent an order is necessary for claim 65, the order simply requires that the processor be operative to perform the recited operations in the order provided by the Court. It should not import a method requirement to the system claim.

## V.      CONCLUSION.

This Court should adopt Walker Digital's proposed constructions because they accurately reflect the common and ordinary meanings of the claim terms in dispute and are consistent with the intrinsic evidence when read by one having ordinary skill in the art.  Defendants' proposed constructions, on the other hand, are unsupported by the intrinsic evidence and should therefore be rejected.


June 22, 2012                                                    BAYARD, P.A.

OF COUNSEL:                                                /s/ *Stephen B. Brauerman*
                                                                      Richard D. Kirk (rk0922)
Marc A. Fenster                                            Stephen B. Brauerman (sb4952)
Andrew D. Weiss                                           222 Delaware Avenue, Suite 900
RUSS, AUGUST & KABAT                            P.O. Box 25130
12424 Wilshire Boulevard, Twelfth Floor     Wilmington, DE  19899
Los Angeles, California 90025                         rkirk@bayardlaw.com
(310) 826-7474                                              sbrauerman@bayardlaw.com
mfenster@raklaw.com                                   (302) 655-5000

                                                                      *Attorneys for Plaintiff Walker Digital, LLC*