IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WALKER DIGITAL, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 11-318-LPS |
| | : | |
| GOOGLE INC., | : | |
| | : | |
| Defendant. | : | |

Richard D. Kirk, Esq. and Stephen B. Brauerman, Esq., of BAYARD, P.A., Wilmington, DE.

Marc A. Fenster, Esq., Alexander C. Giza, Esq., Bruce D. Kuyper, Esq., Benjamin T. Wang, Esq. and Andrew D. Weiss, Esq., of RUSS, AUGUST & KABAT, Los Angeles, CA.

      Attorneys for Plaintiff Walker Digital, LLC

Richard L. Horwitz, Esq., David E. Moore, Esq. and Bindu A. Palapura, Esq., of POTTER ANDERSON & CORROON LLP, Wilmington, DE.

Jeannine Yoo Sano, Esq. and Eric E. Lancaster, Esq., of WHITE & CASE LLP, Palo Alto, CA.

Jason Liang Xu, Esq. and James Gagen, Esq., of WHITE & CASE LLP, Washington, DC.

      Attorneys for Defendant Google Inc.

## MEMORANDUM OPINION

July 25, 2013
Wilmington, Delaware

*Len P. K*

**STARK, U.S. District Judge**:

## I.     INTRODUCTION

Plaintiff Walker Digital, LLC ("Walker" or "Plaintiff") filed this patent infringement

action against multiple defendants, including Google, Inc. ("Google" or "Defendant"), on April

11, 2011.  (D.I. 1)[1]  Walker alleges that Defendant infringes U.S. Patent No. 5,885,270 ("the '270

patent"), entitled "Method and System For Facilitating An Employment Search Incorporating

User-Controlled Anonymous Communications," and U.S. Patent No. 5,885,272 ("the '272

patent"), entitled "Method And System For Establishing And Maintaining User-Controlled

Anonymous Communications" (collectively, the "patents-in-suit").  (*Id.*)  The patents-in-suit –

issued on the same date, listing the same named inventors, and sharing substantially identical

specifications – relate to establishing anonymous communications.  (*See* D.I. 1 at 3, 5; D.I. 104 at

1, 3-4; D.I. 105 at 1)

Presently before the Court is the matter of claim construction.  After the parties submitted

briefing and tutorials, the Court conducted a *Markman* hearing on August 30, 2012 (D.I. 188)

(hereinafter "Tr.").

## II.     LEGAL STANDARDS

"It is a bedrock principle of patent law that the claims of a patent define the invention to

which the patentee is entitled the right to exclude."  *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312

(Fed. Cir. 2005) (internal quotation marks omitted).  Construing the claims of a patent presents a

question of law.  *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 977-78 (Fed. Cir.

1995), *aff'd*, 517 U.S. 370, 388-90 (1996).  "[T]here is no magic formula or catechism for

---

[1]Google is the only remaining defendant in this action.

conducting claim construction." *Phillips*, 415 F.3d at 1324. Instead, the Court is free to attach the appropriate weight to appropriate sources "in light of the statutes and policies that inform patent law." *Id.*

"[T]he words of a claim are generally given their ordinary and customary meaning . . . [which is] the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, i.e., as of the effective filing date of the patent application." *Id.* at 1312-13 (internal citations and quotation marks omitted). "[T]he ordinary meaning of a claim term is its meaning to the ordinary artisan after reading the entire patent." *Id.* at 1321 (internal quotation marks omitted). The patent specification "is always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single best guide to the meaning of a disputed term." *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996).

While "the claims themselves provide substantial guidance as to the meaning of particular claim terms," the context of the surrounding words of the claim also must be considered. *Phillips*, 415 F.3d at 1314. Furthermore, "[o]ther claims of the patent in question, both asserted and unasserted, can also be valuable sources of enlightenment . . . [b]ecause claim terms are normally used consistently throughout the patent . . . ." *Id.* (internal citation omitted).

"Differences among claims can also be a useful guide. . . . For example, the presence of a dependent claim that adds a particular limitation gives rise to a presumption that the limitation in question is not present in the independent claim." *Id.* at 1314-15 (internal citation omitted). This "presumption is especially strong when the limitation in dispute is the only meaningful difference between an independent and dependent claim, and one party is urging that the limitation in the dependent claim should be read into the independent claim." *SunRace Roots Enter. Co., Ltd. v.*

2

*SRAM Corp.*, 336 F.3d 1298, 1303 (Fed. Cir. 2003).

It is also possible that "the specification may reveal a special definition given to a claim term by the patentee that differs from the meaning it would otherwise possess. In such cases, the inventor's lexicography governs." *Phillips*, 415 F.3d at 1316. It bears emphasis that "[e]ven when the specification describes only a single embodiment, the claims of the patent will not be read restrictively unless the patentee has demonstrated a clear intention to limit the claim scope using words or expressions of manifest exclusion or restriction." *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 906 (Fed. Cir. 2004) (internal quotation marks omitted), *aff'd*, 481 F.3d 1371 (Fed. Cir. 2007).

In addition to the specification, a court "should also consider the patent's prosecution history, if it is in evidence." *Markman*, 52 F.3d at 980. The prosecution history, which is "intrinsic evidence," "consists of the complete record of the proceedings before the PTO [Patent and Trademark Office] and includes the prior art cited during the examination of the patent." *Phillips*, 415 F.3d at 1317. "[T]he prosecution history can often inform the meaning of the claim language by demonstrating how the inventor understood the invention and whether the inventor limited the invention in the course of prosecution, making the claim scope narrower than it would otherwise be." *Id.*

A court may also rely on "extrinsic evidence," which "consists of all evidence external to the patent and prosecution history, including expert and inventor testimony, dictionaries, and learned treatises." *Markman*, 52 F.3d at 980. For instance, technical dictionaries can assist the Court in determining the meaning of a term to those of skill in the relevant art because such dictionaries "endeavor to collect the accepted meanings of terms used in various fields of science

3

and technology." *Phillips*, 415 F.3d at 1318. Overall, while extrinsic evidence "may be useful" to the Court, it is "less reliable" than intrinsic evidence, and its consideration "is unlikely to result in a reliable interpretation of patent claim scope unless considered in the context of the intrinsic evidence." *Id.* at 1318-19.

Finally, "[t]he construction that stays true to the claim language and most naturally aligns with the patent's description of the invention will be, in the end, the correct construction." *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1250 (Fed. Cir. 1998). It follows that "a claim interpretation that would exclude the inventor's device is rarely the correct interpretation." *Osram GmbH v. Int'l Trade Comm'n*, 505 F.3d 1351, 1358 (Fed. Cir. 2007).

## III.  CONSTRUCTION OF DISPUTED TERMS

### A.  "identity"/ "identity of said first party"/ "identity of said second party" (all asserted claims of '270 patent)

1.  Walker's Proposed Construction: "Information that determines that a person is a specific person"

2.  Defendant's Proposed Construction: "name of said first party/ name of said second party"

3.  Court's Construction: "Information that determines that a person is a specific person"

The Court concludes that it is necessary to construe the term "identity," as there is a material dispute between the parties' as to its meaning. *See 02 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.,* 521 F.3d 1351, 1360 (Fed. Cir. 2008) ("When the parties raise an actual dispute regarding the proper scope of the claims, the court, not the jury, must resolve that dispute."). The general issue is whether "identity" is equal to "name" in the context of these patents. (*See* Tr. at 21) Plaintiff says no, while Defendant says yes. More specifically, the issue

4

is whether disclosure of one's name is ***always*** sufficient to disclose identity. (*See, e.g., id.* at 24-25, 30, 38) Again, Plaintiff says no – although agrees that disclosure of one's name will sometimes, including in certain embodiments, be sufficient to disclose one's identity – while Defendant says yes.

The Court agrees with Plaintiff. In the specification, Figure 2B shows a distinction between a unique party identification and a non-unique name. (*See* '270 patent, Fig. 2B; Tr. at 18) This portion of the specification further states: "This controlled release of identity can be performed gradually in a series of steps where the party authorizes release of more and more information" ('270 patent, col. 4, lines 58-60; *see also* D.I. 104 at 21-22; Tr. at 9-13), again suggesting that identity is more than just name. It is also noteworthy that the patentee did not use the word "name" in the claims, but could have done so. (*See, e.g.,* Tr. at 13 (Plaintiff's counsel arguing: "The claims do not require that 'name' be a necessary component of 'identity.' . . . Nothing in the specification or the intrinsic record constitutes a disclaimer that says identity must include name, nor certainly does it say identity is limited to name."))

**B.** **"anonymous party"** (all asserted claims of '270 patent)

      1.    Walker's Proposed Construction: The preamble is not limiting and this term needs no construction; or, alternatively: "a party whose identity is shielded from others"

      2.    Defendant's Proposed Construction: "a party whose name is shielded or concealed from others"

      3.    Court's Construction: "a party whose identity is shielded from others"

The dispute over this term largely tracks the dispute with respect to "identity," already addressed. Again the Court agrees with Defendant that construction is required to resolve the

5

parties' dispute. (*See* Tr. at 34-35) The Court agrees with Plaintiff that the patentee was its own

lexicographer, writing in the specification: "Unless otherwise specified, the term 'anonymity' is

used throughout the application interchangeably with the notion of shielded identity." ('270

patent at col. 1, lines 46-48) The extrinsic evidence submitted by Defendant – including "an old

website from the Wayback Machine that reflects the proposed commercial embodiment of the

invention that likewise indicates that it was set up so that information in a personal profile except

name would be released to a prospective employer" (Tr. at 29; *see also* D.I. 154) – does not alter

the fact that "anonymity" is defined in the patent specification.

    **C.**    **"party data"** (all asserted claims of '270 patent and '272 patent)

        1.    Walker's Proposed Construction: "information about or corresponding to a party"

        2.    Defendant's Proposed Construction: "information about or corresponding to a party provided by that party"

        3.    Court's Construction: "information about or corresponding to a party"

    The issue with respect to this claim term is whether to include Defendant's additional

proposed language, "provided by that party." (*See, e.g.*, Tr. at 42, 44-45) Walker opposes the

additional language for essentially three reasons: (i) it is unnecessary in the construction of "party

data" to set out where party data comes from; (ii) there might be other sources of party data

besides the party itself; and (iii) the claims are drafted from the perspective of the server, so to

add that party data must be "provided by the user" will potentially create a divided infringement

problem (either in the instant case or in others in which the Plaintiff might subsequently seek to

enforce its patent rights). (*See* D.I. 105 at 9-10; D.I. 112 at 6-7)

    The Court largely agrees with Plaintiff on these points. The claims do not require that

party data be provided by the party. Instead, the claims require that – from the perspective of the

server – the party data be received from the party. (*See, e.g.,* D.I. 105 at 9-10; D.I. 112 at 6-7; *see*

*also* '270 patent, claim 1; '272 patent, claim 1)  This is the perspective from which the claims are

drafted.

    **D.**    **"party rule"** (all asserted claims of '270 patent and '272 patent)

        1.    Walker's Proposed Construction: "a criterion or a set of criteria"

        2.    Defendant's Proposed Construction: "a criterion or a set of criteria set by a
                party"

        3.    Court's Construction: "a criterion or a set of criteria"

The parties' dispute – whether, as Defendant proposes, to include "set by a party" – is

substantively the same dispute already addressed by the Court with respect to "party data." (*See*

Tr. at 47-48)  For the same reasons, the Court adopts Plaintiff's proposal.  Contrary to

Defendant's contention, there is no evidence of a clear and unambiguous prosecution history

disclaimer. (*See* D.I. 104 at 14; D.I. 100 Ex. D, Oct. 7, 1998 Am. & Remarks at 12; *01*

*Communique Lab., Inc. v. LogMeIn, Inc.*, 687 F.3d 1292, 1297 (Fed. Cir. 2012) ("There is no

'clear and unmistakable' disclaimer if a prosecution argument is subject to more than one

reasonable interpretation, one of which is consistent with a proffered meaning of the disputed

term."))

**E.** **"rule for releasing said identity of said . . . party"** (all asserted claims of '270 patent) / **"rule for releasing said [first/second party] data"** (all asserted claims of '270 patent and '272 patent)

  1. <u>Walker's Proposed Construction</u>: No construction necessary

  2. <u>Defendant's Proposed Construction</u>: "rule which if satisfied removes the restriction(s) on the transmission of said party's identity to the other party"

     "rule which if satisfied removes the restriction(s) on the transmission of said [first/second party] data to the other party"

  3. <u>Court's Construction</u>: No construction necessary

**F.** **"releasing/release said second party data pursuant to said second party rule"** (all asserted claims of '272 patent)

  1. <u>Walker's Proposed Construction</u>: No construction necessary

  2. <u>Defendant's Proposed Construction</u>: "transmitting/transmit said second party data to the first party upon satisfying the second party's rule that removes the restriction(s) on the transmission of such data to the other party"

  3. <u>Court's Construction</u>: No construction necessary

The parties have essentially two disputes with respect to these terms. First, does

"releasing" require that original restrictions are removed, as Defendant asserts, or may those

restrictions merely be modified, as argued by Plaintiff? (*See, e.g.,* Tr. at 62, 77) Second, must

information protected by the rule be transmitted to the other party, as Defendant contends, or may

it be transmitted to anyone, as Plaintiff insists? (*See, e.g., id.* at 65) The Court agrees with

Plaintiff on these issues and concludes that Defendant's proposed constructions would

improperly import limitations from the specification into the claims. (*See* D.I. 105 at 12-13)

The Court further finds that it can resolve the parties' disputes without needing to

construe the claim terms. The meaning of the "releasing" terms to one of ordinary skill in the art

8

will be made clear to the jury from the overall claim language, the construction of other terms,

and the parties' experts' testimony (which will be required to be consistent with the Court's

claim construction rulings).

F.   **"exchanging said first and second data, except said identities of said first and second parties, between said first and second parties"/ "exchange said first and second data, except said identities, between said first and second parties"** (all asserted claims of '270 patent)

    1.   <u>Walker's Proposed Construction</u>: No construction necessary

    2.   <u>Defendant's Proposed Construction</u>: "transmitting/transmit said first party data, except the first party's identity, to the second party and transmitting/transmit said second party data, except the second party's identity, to the first party, in response to each other"

    3.   <u>Court's Construction</u>: No construction necessary

The parties' disputes with respect to these terms are essentially the same as with the

preceding "releasing" terms.  The Court's resolution is the same as well.

Although Defendant contends "exchange" means transmit in response to each other (*see,*

*e.g.,* Tr. at 69, 84-88), the Court does not agree that the patents-in-suit require that data be

exchanged in response to one another or be transmitted solely between the parties.  Nor need the

exchange be simultaneous (*see, e.g., id.* at 88), as might confusingly be inferred by the jury if

Defendant's construction were adopted.

G.     **"after said exchanging step"/ "after said exchanging operation"** (all asserted
claims of '270 patent)

1.     <u>Walker's Proposed Construction</u>: No construction necessary; this step
occurs after previous exchanging step; or, alternatively, "the recited step or
operation occurs after the previous exchanging step or exchange
operation"[2]

2.     <u>Defendant's Proposed Construction</u>: "the recited steps/operations must
occur in sequence such that the identity of the first party is transmitted to
the second party and the identity of the second party is transmitted to the
first party only after both parties' other data are exchanged in accordance
with each party's rules"

3.     <u>Court's Construction</u>: "the recited step or operation must occur after the
previous exchanging step or exchange operation"

At the hearing, the disputes surrounding these terms narrowed to one issue: whether the

"after said exchanging step/operation" step must occur *only* after the exchanging step, as

Defendant contends, or may, in addition to occurring after the exchanging step, also occur at

other times as well. (*See* Tr. at 104-07) Defendant's limitation appears to exclude the

simultaneous exchange of identity and other data. Defendant offers no persuasive reason for

limiting the claims in the manner it proposes.

H.     **"receiving/receive a request from said second party for said first party
information data; releasing/release said second party data pursuant to said
second party rule; determining/determine, based on said second party data,
whether said at least one first party rule has been satisfied; and if said at
least one first party rule has been satisfied, providing/provide, to said second
party, said first party information data for which said at least one first party
rule has been satisfied"** (all asserted claims of '272 patent)

1.     <u>Walker's Proposed Construction</u>: No construction necessary; no ordering
necessary for "receiving/receive" and "releasing/release" steps, order is
necessary for "determining/determine" and "providing/provide" steps

---

[2]*See* D.I. 112, Pl.'s Answer Br., at 11.

2.   <u>Defendant's Proposed Construction</u>: "the recited limitations must be met in sequence such that before the second party receives the first party data that the second party has requested, the data of the second party that satisfies the first party's rule for releasing the requested first party's data to the other party must be transmitted to the first party once the rule for releasing such data has been satisfied"

3.   <u>Court's Construction</u>: No ordering necessary for "receiving/receive" and "releasing/release" steps, order is necessary for "determining/determine" and "providing/provide" steps

Defendant's construction would require that the following always be the order of steps:

(1) receiving a request for first party data that satisfies the second party's search criterion;

(2) releasing certain second party data that is relevant to the first party's search criterion;

(3) determining whether the released second party data satisfies the first party's rule for releasing

first party data; and (4) providing such first party data to the second party. (*See* D.I. 104 at 20-

23; Tr. at 95)  Plaintiff, by contrast, "agrees that the final element of asserted claims 1 and 65 ('if

said at least one first party rule has been satisfied, [providing/provide]') must follow the

'determining/determine' element." (D.I. 105 at 16)  Plaintiff would not require, however, that all

four of the steps always be in the order required by Defendant.

The Court agrees with Plaintiff.  There is a presumption against imposition of an order of

steps on a patent claim, unless such an order is necessitated by grammar or the patent. *See*

*Altiris, Inc. v. Symantec Corp.*, 318 F.3d 1363, 1369-70 (Fed. Cir. 2003).  Here, only the last

"providing" step is required to be undertaken after the earlier "determining" step, given the

claim's language linking those two steps with "if" and "said."

Neither the portions of the specification (*see, e.g.,* '272 patent, col. 6 lines 13-20 ("If the

first party information data satisfies the at least one search criterion, the processor is further

11

operative to communicate to the second party that the at least one search criterion has been

satisfied and receive a request from the second party for first party information data.  The

processor is then operative to release the second party data pursuant to the second party rule and

to determine, based on the second party data, whether the at least one rule has been satisfied.");

Tr. at 100), nor the prosecution history (*see* D.I. 100 Ex. D Oct. 7, 1998 Am. & Remarks

(focusing on amendment which added "releasing said second party data pursuant to said second

party rule" limitation)) on which Defendant relies alters the Court's conclusion.

IV.    **CONCLUSION**

An Order, consistent with this Memorandum Opinion will be entered.