IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WALKER DIGITAL, LLC         :
                            :
                 Plaintiff, :
                            :
        v.                  :   C.A. No. 11-318-LPS
                            :
GOOGLE, INC.,               :
                            :
                 Defendants.:

## MEMORANDUM ORDER

At Wilmington this **24th** day of **June, 2014**:

Having reviewed the parties' filings related to Defendant Google, Inc.'s ("Google") motion to stay proceedings (D.I. 296) pending covered business method ("CBM") review by the Patent Trial and Appeal Board ("PTAB") and the corresponding filings (D.I. 297, 302, 303),

**IT IS HEREBY ORDERED** that, for the reasons stated below, Google's motion is **DENIED**.

1.  Google seeks a stay of proceedings pending resolution of CBM review by the PTAB. (D.I. 296) The PTAB instituted the CBM review of the patents-in-suit on April 1, 2014. (*See* D.I. 273) The PTAB is statutorily required to issue its final decision by April 1, 2015, a deadline that may be extended for up to six months for good cause. *See* 35 U.S.C. § 326(a)(11).

2.  Courts consider four factors when deciding whether to stay litigation pending CBM review: (1) whether a stay will simplify the issues, (2) whether discovery is complete and a trial date is set, (3) whether there will be undue prejudice to the non-moving party, and (4) whether a stay will reduce the burden on the Court and the parties. *See* AIA § 18(b)(1).

3. On the first factor, the Court finds that some simplification of the issues could result from cancellation of the asserted claims or, failing that, from the estoppel effects on Google arising from presenting its arguments to the PTAB in the CBM process. *See* AIA § 18(a)(1)(D). However, the estoppel only goes so far, especially as the PTAB rejected several of the grounds for CBM review articulated by Google. Thus, unless the PTAB invalidates all of the asserted claims on a basis on which it has initiated CBM review, it is likely that the Court will have to address at least some of Google's invalidity defenses. Therefore, while the simplification factor favors a stay, it does not do so by much.

4. The second factor, stage of the proceedings, strongly disfavors a stay. Even though a trial date has not been set (but will be very soon), discovery is complete and all case-dispositive and *Daubert* motions have been fully briefed. (D.I. 233) Over the course of more than three years of litigation, the parties have briefed and the Court has decided claim construction and there have been several discovery dispute teleconferences. The Court is today scheduling a hearing for argument on the pending motions and will also be scheduling the pretrial conference and trial. These are the only substantive matters left to do in the instant case. By contrast, the CBM review is in its infancy. The review was granted two months ago and it may be another two years before a final decision on patent validity is issued (this assumes an appeal would be taken to the Federal Circuit). (D.I. 273 Ex. A)

5. The third factor, undue prejudice to the non-moving party, also disfavors a stay. Although it is true that Plaintiff Walker Digital ("Walker") does not actively practice the patents and, therefore, does not compete with Google, it is also true that the longer Google is allowed to engage in allegedly infringing activity, the lower the value of the patents becomes as licensing assets. Moreover, the patents-in-suit are set to expire in 2016 and any delay in determining their

validity significantly prejudices Walker's ability to license the patents.

6. Finally, whether a stay will reduce the burden on the parties and the Court also disfavors a stay. Considerable resources have already been expended to bring this case to its present late stage. With the additional investment of resources to decide the pending motions and proceed through the pretrial conference, this case should be ready for trial within approximately six months, about the same time that the CBM review is currently scheduled to be argued.

7. Weighing the pertinent factors, the Court concludes that they do not favor granting the requested stay. Accordingly, Google's motion to stay (D.I. 296) is **DENIED**.

8. In light of the recent ruling by the United States Supreme Court in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 2014 WL 2765283 (U.S. June 19, 2014), and Google's notice of supplemental authority (D.I. 304), Google shall file supplemental briefing not to exceed five (5) pages addressing the impact of *Alice Corp.* on Google's pending motion for summary judgment of invalidity for lack of patentable subject matter under 35 U.S.C. § 101 (D.I. 250). Google shall file its letter brief no later than **Monday, June 30, 2014**. Plaintiff Walker Digital shall then file a responsive letter brief, not to exceed five (5) pages, no later than **Tuesday, July 8, 2014**. Google may then file a reply letter brief, not to exceed two (2) pages, no later than **Thursday, July 10, 2014**.

9. The Court will hear oral argument on all pending motions on **Tuesday, August 26, 2014**, at 9:00 a.m., with each side to be allocated one (1) hour.

                                                                          _____
                                                                          UNITED STATES DISTRICT JUDGE